# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-944V
**Filed: April 14, 2016**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | UNPUBLISHED |
| DOROTHY ARCHIBONG, | * | |
| | * | Special Master Hamilton-Fieldman |
| Petitioner, | * | |
| | * | Joint Stipulation on Damages; |
| v. | * | Tetanus-Diptheria-acellular-Pertussis |
| | * | ("TDaP") Vaccine; Gullain-Barré |
| SECRETARY OF HEALTH | * | syndrome ("GBS"); demyelinating |
| AND HUMAN SERVICES, | * | disease; chronic inflammatory |
| | * | demyelinating polyneuropathy |
| Respondent. | * | ("CIDP"). |
| * * * * * * * * * * * * * * | | |

<u>Martin Jeffrey Rubenstein</u>, Staten Island, NY, for Petitioner.
<u>Gordon Elliot Shemin</u>, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

On December 2, 2013, Dorothy Archibong ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that a Tetanus, Diptheria acellular Pertussis ("TDaP") vaccine administered on February 15, 2011 caused her to suffer from Guillian-Barré syndrome ("GBS"), demyelinating disease, and chronic inflammatory demyelinating polyneuropathy ("CIDP").

On April 12, 2016, the parties filed a stipulation in which they state that a decision should be entered awarding compensation. Respondent denies that the TDaP vaccine caused any injury

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, codified as amended at 44 U.S.C. § 3501 note (2012). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

to Petitioner. However, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

**A lump sum of $750,000.00 in the form of a check payable to Petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

Stipulation ¶ 8.

The undersigned approves the requested amounts for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.